**Theodore W. Hoppe #138064**
**Roberta J. Duffy #131165**
**COOPER & HOPPE**
**ATTORNEYS AT LAW**
929 L Street
Fresno, California 93721-2647
Telephone (559) 442-1650
Facsimile (559) 442-1659

Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

* * * * *

| | |
|---|---|
| BRUCE KOPITAR, an individual, )<br><br>Plaintiff, )<br><br>vs. )<br><br>NATIONWIDE MUTUAL INSURANCE )<br>COMPANY, and DOES 1 through 50, )<br>inclusive, )<br><br>Defendants. )<br>_____ ) | **CASE NUMBER: 1:07-CV-00891-OWW-GSA**<br><br>**STIPULATION AND ORDER RE: CONFIDENTIALITY** |

**WHEREAS**, the parties to the above-entitled action, plaintiff BRUCE KOPITAR, and defendant NATIONWIDE MUTUAL INSURANCE COMPANY (COLLECTIVELY REFERRED TO HEREIN AS THE "Parties Hereto," desire a protective order for the purpose of protecting the interests of each, respectively, in its/his/ own Confidential Information, as that term is defined below, by controlling the access to and use of such Confidential Information, to the extent such Confidential Information is otherwise required to be disclosed by lawful discovery under the Federal Discovery Act; and

**WHEREAS**, the parties hereto desire that any Confidential Information as defined in this stipulation be used solely for the purpose of conducting litigation in the above-captioned action (the "Action") and not for any other purpose outside the scope of litigation in the Action; and

**WHEREAS**, the parties hereto do not intend to waive (1) any claims or defenses in the Action, (2) any privilege, or (3) any lawful objections to any form of discovery; and

**WHEREAS**, the parties hereto do not by this stipulation acknowledge the propriety of any claim by any party that any information produced during the course of discovery in the Action constitutes Confidential Information, as those terms are defined below, that the purpose of this stipulation is to preserve any claim by any party that information produced during discovery constitutes Confidential Information;

**THEREFORE**, it is stipulated and agreed by and among the parties hereto, through their respective counsels of record that the following protective order (the "Agreement") shall govern discovery in the Action once such stipulation is signed by all the parties.

1.      "Confidential Information" shall mean (1) trade secret information as defined in California Civil Code section 3426.1, (2) any information subject to the right to privacy of any individual or entity, and/or (3) any other competitively sensitive, confidential, proprietary, financial and/or commercial information, and designated as such by any party as provided herein.

2.      Confidential Information in written or documentary form shall be designated as confidential material by the party seeking protection, prior to such information being served on, disclosed or delivered to the other parties, or being made available for inspection and copying, by stamping or marking each page with the word "Confidential."

3.      Confidential Information may be given, shown, disclosed, made available, or communicated only to:

a.      Attorneys of record for the parties to the Action (referred to herein as the "Attorneys"), including the paralegal, stenographic and clerical employees associated with the Attorneys.

b.      The parties to the Action, including, in the case of corporate parties, their officers, directors, agents, representatives and other employees.

c.      The Court and the Court's personnel.

d.      Such other persons as hereafter may be designated by written stipulation of all parties to the Action filed with the Court, by further order of the Court on motion by any party to the Action, or by subpoena for which no timely protective order is obtained pursuant to paragraph 14 below.

e.      Outside consultants or experts (specifically excluding anyone who is an officer, director, employee, representative, agent or otherwise associated with or related to the party), and their support personnel, employed by a party or counsel to a party to assist counsel in the preparation and trial of one or more of the Action.  Each such consultant or expert shall execute a Confidentiality Agreement in the form attached hereto as Exhibit "A."  The form attached hereto as Exhibit "A" shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown.

f.      Any other person(s) whose relevant testimony during these proceedings is obtained or sought, but only if, before disclosure, such person(s) executes a Confidentiality Agreement in the form attached hereto as Exhibit "A" which the witness or the witness counsel shall make available to any party on request and which shall be retained by the counsel or party in propria persona who caused the Confidentiality Agreement to be signed, and shall be available for inspection by other counsel or parties in propria persona upon good cause shown.

4.      Confidential Information is not limited to: (1) the financial information of any party, and (2) any information concerning a party's operations and strategies.  Each party agrees that if it designates information as Confidential Information and any other party feels that such designation is not warranted or justified as to all or any part of the particular information, the designating party shall confer in good faith, in person or by telephone, with the objecting party to reconsider the designation.

In the event that the parties are unable to resolve a dispute, the party challenging the designation may, at any time after conferring in good faith with the designating party, file a noticed motion with the Court.  In the event of any such Motion, the Court may award sanctions in accord with the Federal Discovery Act as applicable to any other discovery motion.

5.   Any party seeking to designate any portions of a deposition as Confidential may do so at the deposition, provided that the deposition testimony refers to specific Confidential information.  Any party may also have twenty-one (21) days after counsel for the deponent receives a Notice to Deponent to Review and Approve the Record of Oral Deposition (hereafter, a "Notice to Review") from the deposition officer to designate any portions of a deposition referring to Confidential information as Confidential.  If any party disagrees with the designation of portions of a deposition as Confidential Information, the party shall assert its objection within fourteen (14) days after designation of the portions of the deposition as confidential.  The parties will then attempt to resolve their dispute informally.  If no agreement is reached among the parties within ten (10) days after a party asserts its objection(s) to the designation of confidential testimony, the objecting party may file a motion for an order that the documents or testimony are not treated as Confidential Information.  The Parties stipulate that such motion may be heard on reasonably shortened notice.  Blanket designations of entire depositions as being Confidential Information shall not be permitted by this Stipulation, unless such depositions contain entirely Confidential Information.

6.   Except as provided in subparagraphs 3, or except pursuant to stipulation among counsel for all parties and all parties in the Action filed with the Court, counsel of record retained by the parties shall, at all times, have and maintain physical custody and control over all Confidential Information and counsel shall make diligent efforts to insure that such Confidential Information does not leave their custody and is not disclosed orally.  Failure to make diligent efforts to do so shall be

grounds for imposition of sanctions at the discretion of the Court.

7. With respect to testimony elicited during any deposition or hearing before trial, whenever counsel for any party deems that any question or line of questioning calls for or will result in the disclosure of information which should be treated as Confidential Information, said counsel may designate on the record prior to such disclosure that such testimony is Confidential Information  Any party, including a party in attendance at a hearing before trial where Confidential Information is allegedly disclosed, may – within ten (10) days of the conclusion of the hearing – notify the other parties and the court reporter that it deems a portion (or portions) of the transcript as Confidential Information.

8. Any portion of a deposition or other transcript that has been designated as including Confidential Information shall be so marked, shall be separately bound and appropriately marked pursuant to this Agreement, and shall be subject to the provisions of this Agreement pertaining to Confidential Information. If any portion of a transcript or any exhibit to a transcript that has been designated as Confidential Information is filed with the Court, it shall be filed in an envelope marked as set forth in paragraph 13 hereof.  Such portions of the transcript shall be treated by the Court in accordance with the provisions of this Agreement relating to Confidential Information depending on the particular designation of those portions of the transcript.

9. No person, firm, corporation or other entity subject to this Agreement, shall use Confidential Information in any manner whatsoever except for the prosecution, defense, settlement or appeal of the Action.  Nor shall any person, firm, corporation or other entity subject to this Protective Order give, show, disclose, make available or communicate Confidential Information to any person, firm, corporation or other entity not expressly authorized by this Agreement to receive such Confidential Information.  The Attorneys for the parties to the Action shall make the terms of this Agreement known to all other persons bound by this Agreement and, together

with their clients, are responsible to this Court for compliance with this Agreement. Nothing in this agreement shall preclude any party from utilizing information that it presently possesses or which comes into its possession outside of the discovery process in any other Action.  Any such use of such information shall not constitute a violation of this agreement.  Each party retains the right to pursue any claim or defense it may have against any other party arising from such use of such information.

10.   Any party or counsel for a party who, in the course of a deposition, hearing, or other proceeding, seeks to introduce, use or otherwise refer to a document or thing that has previously been designated Confidential Information, shall advise counsel present (and, if relevant, the Court) immediately in advance of such intended introduction, use or reference, and, unless the Court orders otherwise, shall treat the document or thing in accordance with the provisions of this Agreement relating to Confidential Information, depending on the designation of such document or thing.

11.   FRCP 26(c) and any other applicable Federal Rule shall govern the filing and sealing of all Confidential Information, including (but not limited to) any pleadings or memoranda or other documents purporting to reproduce, summarize or paraphrase Confidential Information– with the Court.  Any party that intends to file ("the filing party") Confidential Information designated by another party ("the designating party") shall comply with FRCP 26(c), and shall have that document and/or testimony separately filed in an envelope identifying it as Confidential Information pursuant to the Protective Order.  There is no need for a party to file a motion seeking that the information be filed under seal prior to any motions being filed.

12.   In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this Stipulation, or a signatory to Exhibit A, which seeks to compel a production of Confidential Information, the party upon

whom the subpoena is served shall give written notice of the subpoena to the party who has asserted the Confidential Information within at least three days of receipt (or, if less than seven (7) calendar days are set for the production, notice shall be given immediately after service of the subpoena, but in no event after the date for production).  The party who has initially designated the Confidential Information shall then have the responsibility to obtain a court order to quash the subject subpoena and/or obtain such other relief as will protect the confidential nature of the documents.  Should such a motion be filed before the requested production date or should a timely motion be made, the party upon whom the subpoena is served shall not deliver the subject documents until after such time as the court rules on the subject motions.  Should an order be obtained, the party upon whom the subpoena is served shall comply with the order.  Should no motion be filed before the scheduled production date, the party upon whom the subpoena is served may comply with the subpoena.

13.   As used herein, the term "Third Party" shall mean any person or entity that (1) is not a party to any of the Action and (2) is served with a deposition subpoena by any party to the Action.  A Third Party shall be permitted to designate any documents produced pursuant to a deposition subpoena served in one or more of the Action as Confidential Information, provided however that such Third Party executes the Third Party Agreement form attached hereto as Exhibit B.  The form attached hereto as Exhibit "B" shall be retained by the counsel or party who caused the deposition subpoena at issue to be served on the Third Party, and shall be available for inspection by other counsel or parties upon good cause shown.  Nothing herein shall be deemed to prohibit a party to the Action from designating documents produced by a Third Party as Confidential Information.

14.   This Agreement and the procedures set forth herein shall not affect the rights of the parties to object to discovery on any grounds, including trade secret grounds, nor shall it relieve a party of the necessity of proper response or objection to discovery

requests, nor shall it preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Court, or any other applicable statute, rule or authority.

15.    This Agreement shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information, or (b) to present a motion to the Court for a separate or modified protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Agreement shall not be deemed to prejudice the parties in any way in any future application or modification of this Agreement. The parties agree to seek the resolution of any disputes regarding the propriety of any designation of information as Confidential Information informally. If the parties and their counsel through the meet and confer process have been unable to arrive at a resolution, the parties shall promptly seek the Court's resolution by motion or telephone conference call with the Court, if permitted.

16.    Within thirty (30) days after receiving notice of the Resolution of the last of the Action to be resolved (the term "Resolution" herein shall mean the dismissal, with or without prejudice, of the entirety of the Action, the last day for the filing of a notice of appeal of the final decision in any action subject to this Stipulation, with no such notice of appeal having been filed, or thirty (30) days after the final determination of any appeal and remand (if any) thereafter, whichever is later) all Confidential Information, and all documents and other things containing or reflecting Confidential Information (including, without limitation, any copies, extracts or summaries thereof and all copies, including those contained in pleading clips, depositions, etc.) shall, at the discretion of the party possessing the Confidential Information, be destroyed or delivered to counsel for the party or parties (including Third Parties) from whom said Confidential Information was obtained.  However, documentation which consists of an attorney's work product

need not be destroyed or returned, but is subject to this Agreement and cannot be used for any purpose outside the Action in the future or disseminated in any fashion to any other person or entity.  Counsel for the parties involved in the last of the Action to be resolved shall give notice of the Resolution to counsel for all parties and the parties to this Stipulation within fifteen (15) days of the Resolution of the Action.

17.   The Party designating information as Confidential Information shall not be restricted in its disclosure of such information.   Notwithstanding any other provision of this Agreement to the contrary, the confidentiality obligations of this Agreement shall not apply or shall cease to apply to any information that:

(a)   at the time of disclosure hereunder, was already lawfully in the possession of the receiving Party and was not acquired through discovery or under any obligation of confidentiality; or

(b)   at the time of disclosure hereunder was or subsequently becomes, through no fault of the receiving Party, a public document or publicly available.

18.   Inadvertent production of any document or information not designated as Confidential Information will not be deemed to waive a later claim as to its confidential nature or stop the producing Party from designating said document or information as Confidential Information at a later date.   Disclosure of said document or information by any Party prior to such later designation, however, shall not be deemed a violation of the provisions of this Stipulation.

19.   This Agreement is intended to regulate the handling of Confidential Information during the entirety of the litigation in the Action through appeal, and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record by agreement of all the parties to the Action or by order of the Court.  This Agreement shall become effective among the parties when executed, with or without the Court's entry of same.  The Court shall retain jurisdiction in the Action, including after the Resolution of the Action, to enforce the provisions of

1    this Agreement and to make such amendments, modifications and additions to this

2    Protective Order as the Court may from time to time deem appropriate.

3    20.    This Stipulation may be executed in counterparts.

4    Dated: October 25, 2007

5                                    COOPER & HOPPE

6

7                        By:    ___/s/    Theodore W. Hoppe_____
                                THEODORE W. HOPPE
                                Attorney for Defendant NATIONWIDE
8                               MUTUAL INSURANCE COMPANY

9    Dated: October 26, 2007

10                                   WILKINS, DROSHAEN & CZESHINSKI LLP.

11

12                       By:    ___/s/  Alyson A. Berg_____
                                ALYSON A. BERG
                                JAMES H. WILKINS
13                              Attorneys for Plaintiff BRUCE KOPITAR

14

15                                   **ORDER**

16

17
         In addition, if any party seeks to have documents sealed with the Court said
18   party (ies) must comply with the procedure set forth in Local Rule 39-141.

19

20       IT IS SO ORDERED.

     **Dated:    November 5, 2007**           _____**/s/ Gary S. Austin**_____
21                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

STIPULATION REGARDING CONFIDENTIALITY