JAMES H. WILKINS (SBN 116364)
j.wilkins@wdcllp.com
**WILKINS, DROLSHAGEN & CZESHINSKI LLP**
6785 N. Willow Avenue
Fresno, California 93710
Tel: (559) 438-2390
Fax: (559) 438-2393
Attorneys for Plaintiff
BRUCE KOPITAR

MARC S. HINES (SBN 140065)
**mhines@hinessmith.com**
CHRISTINE M. EMANUELSON (SBN 221269)
**cemanuelson@hinessmith.com**
**HINES SMITH CARDER DINCEL BLAND LLP**
3080 Bristol Street, Suite 540
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 513-1123
Attorneys for Defendant
NATIONWIDE MUTUAL INSURANCE COMPANY

# THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE KOPITAR, an individual, | **CASE NO. 1:07-CV-00891-OWW-GSA** |
| Plaintiff, | **STIPULATION AND ORDER AMENDING CASE SCHEDULE** |
| vs. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, and DOES 1 through 50, inclusive, | |
| Defendants. | |

1

STIPULATION AND ORDER AMENDING CASE SCHEDULE

Plaintiff Bruce Kopitar ("Plaintiff") and Defendant Nationwide Mutual Insurance Company ("Defendant" or "Nationwide"), through their respective counsel of record, jointly submit the following Stipulation to continue the trial and remaining pre-trial dates and deadlines set by the Court ninety (90) days.  The parties will not request another continuance.  But a 90-day extension is warranted given the magnitude of this case, because the parties would like to take targeted depositions and then try and settle through private mediation without incurring unnecessary litigation expenses, and because Plaintiff may assert a new claim requiring additional discovery.  The Stipulation is made pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4) and, Eastern District Civil Local Rule 144.

## I. SYNOPSIS OF CASE

Plaintiff alleges: he incurred a loss when he left the steam room at his home on during the night; the steam permeated the house and caused water damage; and the steam release and Defendant's delay in adjusting the claim caused mold in his residence. Plaintiff seeks $1,374,721.80 in damages, plus his attorneys' fees.  Plaintiff has a policy of insurance with Nationwide.  He alleges he was entitled to coverage under the policy for his loss.  Defendant disputes whether the damage to the residence arose from a covered loss and the extent of the damage.  Plaintiff also alleges that Defendant acted in bad faith, which Defendant denies.

On June 21, 2007, this case was removed from Tulare Superior Court to this Court pursuant to 28 U.S.C. 1441(a), (b) and (c).  Defendant, through its prior counsel, filed an answer on June 26, 2007.

### Discovery

The parties have largely completed written discovery.  They each exchanged their initial disclosures under Rule 26(a).  The disclosures identified 35 witnesses.  Plaintiff served his first set of request for production of documents, request for admissions and two sets of special interrogatories on Defendant, to which Defendant has served responses.  Defendant has served its first set of request for admissions, two sets of

requests for production of documents, and three sets of special interrogatories to Plaintiff, to which Plaintiff has served responses. Defendant recently served a supplemental interrogatory and document demand to Plaintiff; the responses are due September 13, 2010. The parties have produced over 4,000 pages of documents in discovery. Plaintiff's first set of interrogatory responses is 140 pages.

Defendant conducted a site inspection of Plaintiff's residence on July 7, 2010. Defendant's experts ran the steam room in Plaintiff's residence to test for changes in relative humidity throughout the home. Defendant's experts inspected carpet and drywall samples allegedly taken from Plaintiff's home during the repairs for mold.

The parties retained six experts (5 defense experts and 1 plaintiff expert). The Plaintiff identified 42 non-retained experts (primarily witnesses involved in the handling of Plaintiff's claim). The retained experts completed their investigations and exchanged reports disclosing their opinions on July 26, 2010. The parties served supplemental expert disclosures on August 18, 2010.

Defendant has taken a portion of Plaintiff's deposition. It noticed the second session of Plaintiff's deposition for September 8, 2010.

The parties each noticed the others' retained experts for deposition, which are scheduled to take place on August 20, 26, 27, 31 and September 2, 2010.

Defendant noticed non-party witness Monique Snieders' deposition for September 1, 2010. Defendant is in the process of preparing subpoenas and deposition notices for numerous other non-party witnesses, including contractors who estimated damages or repaired the residence, mold consultants, the insurance broker that discussed the claim with Plaintiff, water clean-up witnesses and other witnesses.

<u>New Claim</u>

Plaintiff potentially may make a new claim for damages arising out of the defense site inspection. He contends Defendant's experts may have caused additional water damage and mold by running his steam room for 1½ hours during the July 7, 2010 site inspection. Defendant denies the allegations. Plaintiff hired a consultant Service Master

to test for moisture and mold, but his counsel has yet to receive and evaluate the results to determine whether Plaintiff will make this new claim.

Defendant will need a second site inspection to evaluate this new claimed damage.

## II. STIPULATION OF PARTIES TO CONTINUE THE TRIAL AND CORRESPONDING PRE-TRIAL DATES BASED ON GOOD CAUSE

The parties stipulate and agree to a short continuance of the pre-trial and trial dates ninety (90) days for the following reasons: (1) the magnitude of this case, including the number of witnesses and documents; (2) the parties would like to take targeted depositions of key witnesses over the next 45 to 60 days, and then try and settle through private mediation, rather than incurring unnecessary litigation expenses by taking depositions of all of the numerous witnesses involved before the current September 17, 2010 discovery deadline; (3) Plaintiff may assert a new claim requiring additional discovery; and (4) Defendant's counsel is the third law firm to represent Defendant, having substituted in as counsel on December 14, 2009, with prior firms representing Defendant for most of the case and claim.

This is a complex case.  The claim was investigated over a course of years and generated numerous documents.  Plaintiff claims a significant amount of damage, $1,374,721.80 in policy benefits.  He also claims additional tort damages on his bad faith cause of action, including his attorneys' fees.  The parties named 35 witnesses on their initial disclosures, and Plaintiff identified 42 non-retained expert witnesses.  There have been two law firms involved representing Plaintiff, and now three representing Defendant, over the course of the Plaintiff's insurance claim and this lawsuit.  Consequently, the correspondence, pleadings, discovery and other document files that counsel needs to review and digest is quite substantial.  Defendant has produced over 3,695 pages of documents and Plaintiff 568 pages, just in discovery.  There are numerous other case files to review besides the document productions.

The parties stipulate to a short continuance of the dates in order to allow them to take targeted depositions and then mediate the case.  This would give the parties the best

opportunity to settle because their resources would not be unnecessarily wasted on taking depositions of the numerous more peripheral witnesses. If mediation is unsuccessful, the parties could then take additional depositions that are necessary for trial. If it is successful, the Court's and the parties' resources will have been conserved.

The continuance is also necessary to allow for additional discovery on Plaintiff's potential new damage claim. Without this short continuance of the dates, the parties will be prejudiced.

The parties have complied with all expired dates and deadlines set forth in the Court's case schedule. None of the cut-off dates of which the parties request the Court to continue have passed. A short continuance of the remaining dates and deadlines would serve to avoid any potential fees and costs, as well as waste of judicial resources and time, filing potential motions after the cut-off dates for leave to amend the scheduling order. To this end, the parties stipulate and propose a 90-day continuance of the dates as follows:

| EVENT | CURRENT DATE/TIME | NEW DATE/TIME |
| --- | --- | --- |
| Non-Dispositive Motion Hearing Deadline | August 20, 2010 | November 19, 2010 |
| Expert Discovery Cut Off | September 3, 2010 | December 3, 2010 |
| Non-Expert Discovery Cut Off | September 17, 2010 | December 17, 2010 |
| Settlement Conference | September 27, 2010, 10:30 a.m. | December 27, 2010, 10:30 a.m. |
| Dispositive Motion Hearing Deadline | November 29, 2010 | February 28, 2011 |
| Pretrial Conference | January 3, 2011, 11:00 a.m., Courtroom 3 | April 4, 2011, 11:00 a.m., Courtroom 3 |
| Trial | February 8, 2011, 9:00 a.m. Courtroom 3 | May 10, 2011, 9:00 a.m. Courtroom 3 |

The Court has previously granted two extensions in this case upon filings of stipulations between Plaintiff's counsel and Defendant's prior counsel. First, on May 19,

2008, the Court granted the parties' stipulation to continue the settlement conference and trial date, which necessitated rescheduling the deadlines in the Court's scheduling order, including discovery deadlines, the deadline to file dispositive motions, and the pretrial conference date. [Docket No. 15].  Second, on January 20, 2009, the Court issued an Order amending the case schedule by extending the dates listed above. [Docket No. 19]. The Court granted additional extensions of 60 days on January 8, 2010 and 120 days on March 18, 2010, based upon a stipulation between Defendant's current counsel and Plaintiff's counsel. [Docket Nos. 35, 37, 40]  But the parties need additional time for the reasons already stated.  They will not request another continuance.

<u>Federal Rules of Civil Procedure</u> 6(b), 16(a) and 16(b)(4) give the Court broad discretion to regulate pre-trial matters, to manage its calendar, grant continuance of scheduling dates, and to direct the parties in a manner that expedites disposition of the action and facilitates settlement.  In light of the fact that there is a new claim that will require additional discovery, the magnitude of this case, and because the parties would like to limit expenses by taking targeted depositions before mediation but then do additional discovery if settlement efforts are unsuccessful, good cause exists for the Court to grant the continuance under any of the Rules.

IT IS SO STIPULATED.

Dated:  August 19, 2010                     **WILKINS, DROLSHAGEN & CZESHINSKI LLP**

　　　　　　　　　　　　　　　　　　　　　 /s/ James H. Wilkins
　　　　　　　　　　　　　　　　　　　　James H. Wilkins
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　BRUCE KOPITAR

| | |
|---|---|
| Dated:  August 19, 2010 | **HINES SMITH CARDER DINCEL BLAND LLP** |
| | |
| | _____/s/ Marc S. Hines_____ <br> Marc S. Hines <br> Christine M. Emanuelson <br> Attorneys for Defendant <br> NATIONWIDE MUTUAL INSURANCE COMPANY |

## **ORDER**

Based on the foregoing Stipulation and good cause appearing therefore, IT IS HEREBY ORDERED that the Case Schedule be, and the same hereby is, revised as set forth above in the Stipulation.

IT IS SO ORDERED.

| | |
|---|---|
| Dated:  **August 20, 2010** | **/s/ Oliver W. Wanger** <br> UNITED STATES DISTRICT JUDGE |